**UNITED STATES DISTRICT COURT**
**DISTRICT OF CONNECTICUT**

TRUONG JASON DINH,
     Plaintiff,

      v.                                 Case No. 3:24-CV-1042 (OAW)

JOHN DOE,
     Defendant.

## INITIAL REVIEW ORDER

Self-represented Plaintiff Truong Jason Dinh, formerly incarcerated at Osborn Correctional Institution, has filed a complaint naming one defendant, Commissioner John Doe.  He asserts claims for violation of his Fourth and Fourteenth Amendment rights and a state law claim for intentional infliction of emotional distress.  He seeks damages only.

The Prison Litigation Reform Act requires that federal courts review complaints brought by prisoners seeking relief against a government entity, or an officer or employee of a government entity.  28 U.S.C. § 1915A(a).  Upon review, the court must dismiss any complaint (or any portion thereof) that is frivolous or malicious, that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief.  *See* 28 U.S.C. §§ 1915(e)(2)(b), 1915A(b).

The court thoroughly has reviewed all factual allegations in the complaint and has conducted an initial review of the allegations therein pursuant to 28 U.S.C. § 1915A. Based on this initial review, the court orders as follows.

I.     **FACTUAL BACKGROUND**

On February 10, 2023, while Plaintiff was incarcerated at Osborn Correctional Institution, a fight occurred.  ECF No. 1 at 7.  Plaintiff was accused of fighting and was placed in segregated housing.  *Id.*  He alleges that being falsely accused made him "suicidal" and resulted in his placement in a "turtle suit" within a "pig cell" for five days[1] before being returned to the restrictive housing unit.  *Id.*  Plaintiff was in restrictive housing for eight days, awaiting his disciplinary hearing.  *Id.*  The charge was dismissed when the hearing officer determined from the video footage that Plaintiff was not fighting.  *Id.*

II.    **DISCUSSION**

Plaintiff asserts federal claims for denial of due process in violation of the Fourteenth Amendment and false imprisonment in violation of the Fourth Amendment.

A. **Due Process**

The issuance of a false disciplinary report is insufficient, in and of itself, to support a claim for denial of due process.  *See Boddie v. Schnieder*, 105 F.3d 857, 862 (2d Cir. 1997).  "A false disciplinary report 'violates due process only where either procedural protections were denied that would have allowed the inmate to expose the falsity of the evidence against him or where the fabrication of evidence was motivated by a desire to

---

[1] Internet searches suggest that a "turtle suit" is the colloquial reference to an anti-suicide smock intended to prevent hanging, burning, or self-mutilation, *see* Juliet Lapidos, *What's an Anti-Suicide Smock?*, Slate (Dec. 5, 2007, 6:45 PM), https://slate.com/news-and-politics/2007/12/how-an-anti-suicide-smock-prevents-prisoners-from-killing-themselves.html (last visited Jun. 28, 2024); and https://www.quora.com/What-is-it-like-to-be-incarcerated-in-an-anti-suicide-smock (last visited Jul. 9, 2024), though the court cannot discern what the term "pig cell" references.

retaliate for the inmate's exercise of his substantive constitutional rights.'" *Fonck v. Semple*, No. 3:18-CV-1283(KAD), 2019 WL 1763081, at *3 (D. Conn. Apr. 22, 2019) (quoting *Mitchell v. Senkowski*, 158 F. App'x 346, 249 (2d Cir. 2005)).

Plaintiff alleges that the hearing officer dismissed the disciplinary charge.  Thus, no sanctions were imposed, and Plaintiff's claim is only for issuance of a false disciplinary report, which does not state a cognizable due process claim.  The due process claim is dismissed pursuant to 28 U.S.C. § 1915A(b)(1).

### B. False Imprisonment

As Plaintiff's complaint only mentions the eight days he spent in restrictive housing or on suicide watch, the court presumes that this period of confinement is the basis of his false imprisonment claim.

Claims for false imprisonment, whether brought under section 1983 or under state law, are analyzed under state law. *See El Badrawi v. Department of Homeland Sec.*, 579 F. Supp. 2d 249, 269 (D. Conn. 2008) ("The elements of false arrest/false imprisonment under Connecticut law are essentially the same elements needed to articulate a Fourth Amendment violation.") (citation omitted).  Under common law, there is no claim for false imprisonment where the claim relates only to the conditions of confinement.  "If a private or state actor is entitled to hold a prisoner, liability for false imprisonment never rises or falls based on the conditions under which he is held[...].  The inquiry ends, at least for purposes of the tort of false imprisonment, upon the finding that some form—any form— of confinement was legally permitted." *McGowan v. United States*, 94 F. Supp. 3d 382, 391 (E.D.N.Y. 2015) (citing *Liranzo v. United States*, 690 F.3d 78, 94 (2d Cir. 2012); *see*

3

*also Joyner v. Wezner*, No. 418200, 2000 WL 1658285, at *4 (Conn. Super. Ct. Oct. 5, 2000) ("If correctional officers have authority to confine an inmate, they cannot sensibly be held liable for the tort of false imprisonment because they have chosen to confine him in one correctional facility rather than another.").

Plaintiff's claim appears to challenge only the conditions of his confinement, and not the fact of his confinement.  As such, there appears to be no challenge to the correctional officials' authority to hold him.  Accordingly, any Fourth Amendment claim of false imprisonment is dismissed pursuant to 28 U.S.C. § 1915A(b)(1).

### C. Supervisory Liability

The court will not construe the complaint as asserting a Fourteenth Amendment claim for unconstitutional conditions of confinement because Plaintiff has not named a proper defendant.  The only defendant is John Doe, Commissioner of Correction.  In *Tangreti v. Bachmann*, 983 F.3d 609 (2d Cir. 2020), the United States Court of Appeals for the Second Circuit held that "there is no special rule for supervisory liability."  *Id.* at 618.  Instead, "a plaintiff must plead and prove 'that each Government-official defendant, through the official's own individual actions, has violated the Constitution.'"  *Id.* (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009)).  Mere awareness of an issue is no longer sufficient to state a claim for supervisory liability.

Plaintiff does not allege that Defendant was even aware that Plaintiff had been sent to restrictive housing or placed on suicide watch.  Thus, Plaintiff fails to state a cognizable claim against Defendant.  All claims against Defendant are dismissed pursuant to 28 U.S.C. § 1915A(b)(1).

4

**ORDERS**

The complaint is DISMISSED without prejudice pursuant to 28 U.S.C. § 1915A(b)(1).  The court declines to exercise supplemental jurisdiction over Plaintiff's state law claim.  *See* 28 U.S.C. § 1367(c) (district court may decline to exercise supplemental jurisdiction over a claim if "the district court had dismissed all claims over which it had original jurisdiction....").

If Plaintiff wishes to pursue a Fourteenth Amendment conditions of confinement claim, he may file an amended complaint.  An amended complaint, if filed, will completely replace the original complaint, and the court will not consider any allegations made in the original complaint while evaluating any amended complaint.  Any amended complaint must identify a proper defendant by name and must be filed within twenty days from the date of this order.  If no amended complaint is timely filed, the Clerk respectfully is requested to please close this case.

IT IS SO ORDERED at Hartford, Connecticut, this 9th day of July, 2024.

_____/s/_____
Omar A. Williams
United States District Judge